## GEIGER  v.  GEIGER.

*Probate courts—Legislature may grant jurisdiction in divorce, alimony, partition and foreclosure—Section 8, Article IV, Constitution—Section 10494, General Code, constitutional —Jurisdiction statute not unconstitutional because independent appeal statute declared invalid—Section 10496, General Code—Entire legislative act not unconstitutional although part invalid, when.*

1. Article IV, Section 8 of the Constitution of Ohio, providing that probate court shall have jurisdiction to issue marriage licenses, and such other jurisdiction in any county or counties as may be provided by law, is sufficiently broad to authorize grant of jurisdiction under Section 10494, General Code, over proceedings in divorce, alimony, partition, and mortgage foreclosure to any one or more probate courts in state as Legislature may designate.

2. That lower court has declared Section 10496, General Code, unconstitutional does not require holding that Section 10494, independent of previous section granting probate courts of particular counties jurisdiction in proceedings in divorce, etc., is also unconstitutional.

3. Where constitutional and unconstitutional provisions are so connected and interdependent in subject-matter that Legislature would not probably have passed one without the other, the entire act is invalid, but if parts are independent of each other and Legislature would probably have passed one without the other, then part of act may be declared unconstitutional and remainder stand as valid.

(Decided February 11, 1927.)

ERROR: Court of Appeals for Licking county.

*Messrs. Jones, Jones & Overturf, Mr. Fletcher S. Scott,* and *Mr. Daniel Klotz,* for plaintiff in error.
*Messrs. Fitzgibbon, Montgomery & Black,* for defendant in error.

HOUCK, J.  This case came into the court of common pleas upon a petition in error from the probate court of Licking county seeking to set aside a judgment, or decree, rendered in that court, in a suit for divorce and alimony, wherein the plaintiff in error, Charles M. Geiger, was defendant, and the defendant in error, Allie Geiger, was plaintiff.

The question raised in the common pleas court was as to whether the probate court of Licking county has jurisdiction to hear and determine cases in divorce and alimony, thus raising the question of the constitutionality of Section 10494, of the General Code of Ohio, which reads:

"In the counties of Pickaway, Licking, Richland, Perry, Defiance, Henry, Fayette, and Coshocton, the probate court shall have concurrent jurisdiction with the court of common pleas in all proceedings in divorce, alimony, partition, and foreclosure of mortgages.  In such suits or proceedings in the probate courts of such counties, it shall have jurisdiction to make, and enter any finding, order, judgment or decree, which the common pleas could make, and enter in such suits or proceedings."

It is urged by learned counsel for plaintiff in error that this section of the General Code of Ohio is unconstitutional, because it is in the nature of special legislation, and is not of uniform operation.

Section 8 of Article IV of the Constitution of Ohio reads:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for

the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law.''

In the first place, we will state that this cause was ably presented by counsel upon both sides in oral argument and written briefs, and by reason thereof we have been materially aided in our examination of the questions raised and in reaching the conclusion to which we have come. However, we think that the constitutionality of the statute in question must be determined by a proper interpretation and application of the above constitutional provision to the law here under review.

This court is of the unanimous opinion that the constitutional provision just referred to is sufficiently broad to give and grant jurisdiction, as provided in Section 10494, General Code, to the probate courts of Ohio, or any one or more of them, as the legislature may designate by law.

It will be observed that the language in the constitutional provision is:

''Such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law.''

If this language is to be given the usual and ordinary meaning of the words and sentences employed, it certainly gives authority to the legislature to confer jurisdiction upon probate courts to do all the things and perform all the acts authorized in said statutory provision now under review.

Counsel for plaintiff in error urge with much earnestness that from the fact that a lower court in Ohio has declared the right of appeal, as pro-

vided in Section 10496, General Code, to be uncon-
stitutional, it must therefore be held as a matter
of law that Section 10494 is unconstitutional, null,
and void.   To this we cannot and do not assent.
These sections of the statute are independent of
each other, and we do not believe the rule in Ohio
is that if part of a statutory provision is uncon-
stitutional all of it by reason thereof must fall.

We find and hold the rule to be in this respect
that where the constitutional and unconstitutional
provisions are so connected and so interdependent
in subject-matter that the legislature would not
probably have passed the one without the other,
the whole act is invalid, but that if the parts are
independent of each other and if the legislature
would probably have passed one without the other,
then part of the act may be declared unconstitu-
tional and the remaining part stand as valid.

Applying the rules of law herein laid down, and
measuring the statutory provision by the constitu-
tional enactment giving jurisdiction and authority
to probate courts, we are of the unanimous opinion
that the law in question is constitutional, and that
the common pleas court in so holding did not com-
mit prejudicial error.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.